

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES RAY THOMAS | : | DOCKET NO. 10-1146 |
| VS. | : | JUDGE TRIMBLE |
| TOWN OF VINTON, ET AL | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a "Motion to Strike Penalty, Punitive or Exemplary Damages" ( R. #3) filed by defendants, the Town of Vinton, Officer Evin Scott Spell, in his official capacity as a police officer for the Town of Vinton, Officer Chad Allen Collins, in his official capacity as a police officer for the Town of Vinton, and Officer Michael J.K. Wright, in his official capacity as a police officer for the Town of Vinton. Defendants seek to have stricken from plaintiff's complaint all claims for punitive or exemplary damages. Plaintiff has filed no response to the motion. For the following reasons, the motion will be granted.

### FACTUAL ALLEGATIONS

In his complaint, plaintiff alleges that he was unconstitutionally seized by defendant Officers Spell, Collins and Wright without probable cause and subjected to extreme and excessive force.[1] Plaintiff further asserts actions of false arrest, assault, battery and false imprisonment in violation of Louisiana Civil Code article 2315 and the Louisiana Constitution of 1974, § § 2,5, and 20.[2]

---

[1] Complaint, (R. #1) ¶ 22.

[2] Id., ¶ 23.

Plaintiffs is seeking damages, together with attorney fees and legal interest thereon from the date of judicial demand and punitive damages as provided under 42 U.S.C.A. § 1983 with interest and costs.[3]

## LAW AND ANALYSIS

In his complaint, plaintiff has made claims against the Town of Vinton and Officers Spell, Collins, and Wright, all in their official capacity. Defendants filed the instant motion to strike the punitive damage claims asserted in the complaint. It is well settled that a municipality is immune from punitive damages for claims brought under 42 U.S.C.A. § 1983.[4] Furthermore, because Officers Spell, Collins and Wright were acting in the discharge of their official duties, a finding of punitive damages against them would be tantamount to a finding against the Town of Vinton.[5] Finally, punitive damages in civil cases are not allowable unless expressly authorized by statute.[6] Accordingly, the claim for punitive damages will be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the motion to strike will be granted dismissing with prejudice plaintiff's claim for punitive damages against defendants, the Town of Vinton, and Officers Spell, Collins and Wright.

---

[3] Id., Prayer.

[4] City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748 (1981).

[5] See Kentucky v. Graham, 473 U.S. 159, 166 (1985) citing Monel v. New York City Dept. of Social Srvcs., 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018 (1978).

[6] International Harvester Credit Corp. v. Seal, 518 So.2d 1039 (La. 1988), citing Ricard v. State, 390 So.2d 882 (La.1980); See also Vincent v. Morgan's Louisiana & T.R. & S.S. Co., 140 La. 1027, 74 So. 541 (1917).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of September, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE